EDOK Criminal Complaint (Revised 6/13)

# United States District Court

## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　*Plaintiff,*<br><br>v.<br><br>**TAMARION DEJHUN ADAMSON,**<br><br>　　　　　　*Defendant.* | **SEALED**<br>**CRIMINAL COMPLAINT**<br><br>Case No.　24-MJ-302-GLJ |

　　　　I, Lucas Keck, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

　　　　On or about July 29, 2024, in the Eastern District of Oklahoma, **TAMARION DEJHUN ADAMSON,** committed the crime of Acquiring a Firearm While Under Indictment or Information, in violation of Title 18, United States Code, Section(s) 922(n).

　　　　I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and that this complaint is based on the following facts:

　　　　(See attached Affidavit of Lucas Keck, which is attached hereto and made a part hereof by reference.)

　　　　☒　　Continued on the attached sheet.

　　　　　　　　　　　　　　　　　　　　　　　　　　*Lucas Keck*
　　　　　　　　　　　　　　　　　　　　　　　　　　LUCAS KECK
　　　　　　　　　　　　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　　　　　　　　　　　　Bureau of Alcohol, Tobacco, Firearms and
　　　　　　　　　　　　　　　　　　　　　　　　　　Explosives (ATF)

Sworn to on September 23, 2024.

　GERALD L. JACKSON
　UNITED STATES MAGISTRATE JUDGE
　Name and Title of Judicial Officer　　　　　　　　　　Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Lucas Keck, being duly sworn, does depose and state the following:

## AGENT BACKGROUND AND INTRODUCTION

1.	I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am currently assigned to the ATF Muskogee Field Office in the Eastern Judicial District of Oklahoma. I am an investigative officer, or law enforcement officer, of the United States of America within the meaning of Title 18, United States Code, Section 2510(7), that is an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. I have been employed by ATF since 2015, and prior to my employment with ATF I was a Special Agent with the United States Secret Service (USSS) from 2009 through 2015.

2.	During my employment as an ATF Special Agent, I have received specialized training regarding, and have personally participated in, various types of investigative activity. This includes, but is not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) arson investigations; (d) homicide investigations; (e) undercover operations; (f) the execution of search warrants; (g) the consensual monitoring and recording of conversations; (h) electronic surveillance through the use of pen registers and trap and trace devices; (i) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (j) the handling and maintenance of evidence.

3.	During my employment with the USSS, I conducted and participated in investigations for counterfeit currency, to include purchasing counterfeit currency with confidential informants and undercover agents, identity theft investigations, credit card fraud,

and bank fraud in both state and federal courts in the Southern District of Texas. During my employment with ATF and with the USSS, I have assisted other agencies and law enforcement, including the Drug Enforcement Administration (DEA), with investigations regarding firearms and narcotics.

4. The statements made in this affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; and (c) my training and experience.

5. This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint alleging that Tamarion Dejhun ADAMSON, hereafter referred to as ADAMSON, has violated Title 18 U.S.C. § 922(n), Acquiring a firearm while under indictment or information.

**FACTS SUPPORTING PROBABLE CAUSE**

6. On February 28, 2023, The Oklahoma City Police Department served a search warrant at the residence of Tamarion Dejhun ADAMSON. During the search OCPD seized narcotics and firearms.

7. On March 17, 2023, ADAMSON and a co-defendant were charged in Oklahoma County with Aggravated Trafficking in Illegal Drugs (Fentanyl), Aggravated Trafficking in Illegal Drugs (Ecstasy), Unlawful Possession of a Controlled Drug with Intent to Distribute (Xanax), Acquiring Proceeds from Drug Activity, Possession of a Firearm During the Commission of a Felony, and Trafficking in Illegal Drugs (Methamphetamine).

8. On May 3, 2023, ADAMSON was arraigned and posted bond in Oklahoma County for the six felony charges against him. ADAMSON was present, with counsel, for his arraignment. ADAMSON's bond was for $155,000.00. I am aware that as part of his bond,

ADAMSON is required to wear an ankle monitor. This criminal case is currently ongoing, it has not been dismissed as of August 26, 2024.

9. On July 22, 2024, ADAMSON attempted to purchase a firearm, a Radical, Model RF-15, .300 Blackout caliber, semi-automatic pistol, serial number 23-010294, a firearm which has traveled in interstate commerce. ADAMSON attempted to purchase this firearm at Sulpher Pawn LLC, a Federal Firearms Licensee (FFL) in Sulpher, OK, Murray County, Eastern District of Oklahoma.

10. When a person attempts to purchase a firearm from a FFL, the purchaser must produce identification and complete an ATF Form 4473, which is a background form. This background information is then sent to the National Crime Instant Background Check System (NICS). Purchasers can either receive a Proceed, which means they can acquire the firearm, a Delay, which means the purchaser must have their background further researched, or a Deny, which means the purchaser is prohibited and cannot purchase or possess a firearm. Under the Brady Law a person may receive a firearm they are attempting to purchase if they were delayed and a response from NICS was not received denying them in three (3) business days.

11. ADAMSON was delayed receipt of the firearm while his background check was underway. On July 29, ADAMSON's background check had not been completed, however, ADAMSON was allowed to acquire this firearm. ADAMSON's background check was completed on Augus 10, 2024, with a denial of the background check.

12. I reviewed the documentation associated with ADAMSON's denial and noted he was denied based on ADAMSON having felony charges pending prior to the acquisition of this firearm, a prohibiting factor under Title 18 U.S.C. Section 922(n). I reviewed the ATF Form 4473 ADAMSON completed and noted ADAMSON check no to section 21.c. This question

asks if you are currently under indictment or information in any court for a felony, or any other crime for which a judge could imprison you for more than one (1) year.

13.     I believe ADAMSON was aware that he had an ongoing felony case in Oklahoma County and was prohibited from acquiring firearms until the case is resolved.

14.     Since this affidavit is being submitted for the limited purpose of enabling a judicial determination of whether probable cause exists to justify the issuance of a criminal complaint for ADAMSON, I have not included each and every fact known concerning this investigation to me and others involved in this matter. I have set forth only the facts that I believe are essential to establish the necessary foundation for a criminal complaint. Based on the above and the totality of the circumstances, I believe that probable cause exists to issue a criminal complaint against Tamarion Dejhun ADAMSON for a violation of Title 18 U.S.C. § 922(n), Acquiring a firearm while under indictment or information.

Respectfully Submitted,

*Lucas Keck*

Lucas Keck
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Sworn to this  23  day of September 2024.

United States Magistrate Judge